UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BERNADINE JORDAN,<br>    *Plaintiff*, | No. 3:18-cv-00384 (KAD) |
| v. | |
| ANDREW M. SAUL, COMMISSIONER<br>OF SOCIAL SECURITY,<br>    *Defendant*. | February 1, 2021 |

**ORDER GRANTING PLAINTIFF'S
SECOND MOTION FOR ATTORNEY'S FEES (ECF NO. 40)**

Kari A. Dooley, United States District Judge:

Petitioner Meryl Anne Spat ("Petitioner," or "Plaintiff's counsel"), attorney for Plaintiff Bernadine Jordan (the "Plaintiff"), has filed a renewed motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(1).  Following this Court's remand of the Plaintiff's case to the Defendant, Andrew M. Saul, Commissioner of Social Security (the "Commissioner"), pursuant to sentence four of 42 U.S.C. § 405(g), the Administrative Law Judge ("ALJ") issued a fully favorable decision finding the Plaintiff disabled as of the June 28, 2011 alleged onset date.  The Plaintiff thereafter received a Notice of Award from the Social Security Administration (the "SSA") informing her that she was entitled to $20,933.99 in total past-due supplemental security income ("SSI") benefits for the period of August 2014 to May 2020 based on her SSI application dated July 16, 2014. However despite Petitioner's diligent efforts, she was unable to obtain from the SSA complete information as to the Retirement, Survivors and Disability Insurance ("SSDI") benefits, disabled widow's benefits ("DWB"), or dependent benefits for the Plaintiff's minor son to which the Plaintiff was also entitled.  Having exhausted all avenues to obtain this information from the SSA,

1

Petitioner filed the instant motion, in which she also asks that the Commissioner supply the missing award data so that the Petitioner and this Court can determine the amount of attorney's fees available to Petitioner under Section 406(b). On January 5, 2021, the Commissioner filed a response in which he indicates that the SSA has withheld $30,040.75 in attorney's fees comprising 25% of the Plaintiff's past-due benefits. For the reasons that follow, the motion is granted.

**Background**

The Plaintiff commenced this action in March 2018 against Carolyn Colvin, former Acting Commissioner of Social Security, to obtain judicial review of a final decision of the Commissioner denying her application for SSI and DWB under Title XVI of the Social Security Act. On March 29, 2019, this Court granted the Plaintiff's motion to reverse the decision of the Commissioner or in the alternative to remand by remanding the case for a new hearing. (ECF No. 30.) On July 5, 2019, the parties stipulated that the Plaintiff was entitled to $8,950.00 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in light of this Court's favorable decision. (ECF No. 35.)

On May 13, 2020, the Petitioner filed a motion to preserve her right to attorney's fees pursuant to 42 U.S.C. § 406(b)(1), following the issuance of the ALJ's fully favorable decision dated April 17, 2020. (Pet'r.'s Initial Mot. ¶ 2, ECF No. 37.) Therein, Petitioner represented that the Plaintiff had received a Notice of Award from the SSA finding that she was owed $20,933.99 in past-due benefits for SSI from August 2014 to May 2020. (*Id.*) The Petitioner further represented that the Plaintiff had received a Notice of Award with respect to SSDI, but no amount of past due benefits or information concerning the timeframe for which benefits must be paid was provided to the Plaintiff or to Plaintiff's counsel. (*Id.* ¶¶ 3–4.) A past due award was also anticipated for the Plaintiff's minor child but as of the filing of her motion, Petitioner had not

received a Notice of Award indicating the amount of these past due benefits either. (*Id*. ¶ 5.) Petitioner therefore filed the motion to preserve her right to attorney's fees pending receipt of these respective benefits calculations, citing *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019).[1] Petitioner concurrently filed a motion for extension of time in which to file a final motion for attorney's fees pursuant to Section 406(b). (ECF No. 38.) On June 5, 2020, this Court granted the motion for extension of time as well as the motion for attorney's fees, subject to future calculation. The Court further instructed Petitioner to supplement her application for attorney's fees within 14 days of the receipt of the final notice requisite to the calculation of a fee award with a final Section 406(b) motion. (ECF No. 39.)

On November 15, 2020, Petitioner filed the instant motion, in which she represents that she still has not received the required information as to the Plaintiff's SSDI benefits or benefits for her minor son, despite having contacted attorneys for the SSA and submitted requests to the ALJ and both the local and central SSA offices on at least three occasions. (*See* Pl's Mem. at 2 –3 ¶¶ 10–12.) In addition, on November 2, 2020, Petitioner received another Notice of Award letter on her client's behalf indicating that she should submit a fee petition for the DWB benefits that Plaintiff was owed, though as of the date of the filing of her motion, Petitioner had not received a response from the SSA concerning that petition. (*Id*. at 2 ¶¶ 7–9.) Petitioner accordingly requested that counsel for the Commissioner provided the missing information directly to the Court and Plaintiff's counsel.

On January 5, 2021, the Commissioner filed a response in which he indicates that after consultation with the SSA, the Commissioner has determined that the SSA withheld $30,040.75

---

[1] In *Sinkler* the Second Circuit held that an attorney's fee application brought pursuant to Section 406(b) must be filed within the fourteen-day period prescribed by Fed. R. Civ. P. 54(d)(2)(B), which period is subject to equitable tolling until the claimant receives the notice of a benefits award amount.

in attorney's fees, which is equal to 25% of the total of Plaintiff's past-due benefits. (Def.'s Mem. at 3.) The Commissioner does not object to the entry of a corresponding award.

**Legal Standard**

Section 406(b) provides in relevant part that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." 42 U.S.C. § 406(b)(1)(A).

Thus "[i]n order to obtain attorneys' fees under Section 406(b), three elements must be satisfied: (1) there must be a judgment that is favorable to the claimant; (2) the fee must be awarded as part of the court's judgment; and (3) the fee must not exceed twenty-five percent of the total amount of past-due benefits [a]warded to the claimant." *Salvo v. Comm'r of Soc. Sec.*, 751 F. Supp. 2d 666, 676 (S.D.N.Y. 2010) "A court may reduce the amount awarded under Section 406(b) only if it finds it to be unreasonable." *Id*. (citing *Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990)).

"Courts consider several factors in determining the reasonableness of a fee under § 406(b), including '1) whether the requested fee is out of line with the character of the representation and the results the representation achieved; 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether the benefits awarded are large in comparison to the amount of time counsel spent on the case, the so-called 'windfall' factor.'" *Zoeller v. Saul*, No. 3:18-CV-00019 (WIG),

4

2020 WL 4505510, at *2 (D. Conn. Aug. 5, 2020) (quoting *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005)) (internal quotation marks omitted).  "[T]he best indicator of 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculation." *Shrack v. Saul*, No. 3:16-CV-2064 (RMS), 2020 WL 373074, at *2 (D. Conn. Jan. 23, 2020) (quoting *Wells*, 907 F.2d at 371).

**Discussion**

The Court finds the relevant statutory factors satisfied here.  First, Plaintiff received a fully favorable decision following remand and the Court has accordingly entered judgment in the Plaintiff's favor.  *See Davis v. Saul*, No. 16-CV-954 (MJP), 2020 WL 1503223, at *1 (W.D.N.Y. Mar. 30, 2020) ("Courts have interpreted this reference to a 'judgment' rendered by 'a court' to include awards made by the Commissioner upon remand from a district court."); *see also Sinkler*, 932 F.3d at 86 ("Where, as here, a district court judgment reverses a denial of benefits to a claimant and remands for further agency consideration of benefits, . . . the district court may await conclusion of the remand proceedings to consider a § 406(b) attorney's fee application.").

The requested fee award comprising 25% of the Plaintiff's past-due benefits is also reasonable, as it is consistent with both the contingency fee agreement between the Plaintiff and counsel, and "with the 'character of the representation and the results the representation achieved.'" *See, e.g.*, *Shrack*, 2020 WL 373074, at *2 (finding that the agreement itself is evidence of "reasonableness" and that this factor was met where "[t]he plaintiff sought and obtained a Sentence Four remand, and the plaintiff received a fully favorable result upon remand."); *see also Sama v. Colvin*, No. 3:10-CV-01268 (VLB) (TPS), 2014 WL 2921661, at *3 (D. Conn. June 25, 2014) (holding that this factor was met where "[t]he results secured by Attorney Rubenstein, a

5

Case 3:18-cv-00384-KAD   Document 44   Filed 02/01/21   Page 6 of 7

remand and a subsequent award of benefits . . . were the best possible outcome for the plaintiff"). Nor is there any indication from the record that Petitioner unjustifiably sought to delay the proceedings, as she filed only one motion for extension of time seeking less than a 30-day extension. (ECF No. 18.) The requested award also does not constitute a windfall to the Petitioner. As the Commissioner notes, in her application for EAJA fees Petitioner represented that she dedicated 60.7 hours of work to litigating the Plaintiff's case before this Court (ECF No. 32 ¶ 5), which amounts to an effective hourly rate of $494.91. As the Commissioner further points out, many courts in this District have approved awards reflecting comparable or higher hourly rates. *See, e.g.*, *Shrack*, 2020 WL 373074, at *2 (approving fees equal to $655.93 hourly rate); *Begej v. Berryhill*, No. 3:14-CV-1284 (WIG), 2019 WL 2183105, at *2 (D. Conn. May 21, 2019) ("Binder estimates that the requested fee award would result in a *de facto* hourly rate of approximately $1,289.06. While on the higher side, courts within this Circuit have held that similar *de facto* hourly rates are not a windfall to Plaintiff's counsel"); *Sama*, 2014 WL 2921661, at *4 (approving fee award totaling effective hourly rate of $785.30).

**Conclusion**

For the reasons set forth above, Petitioner's motion for attorney's fees is granted and the Petitioner is awarded $30,040.75 in attorney's fees pursuant to 42 U.S.C. § 406(b). However as Petitioner acknowledges, she is required to return the $8,950.00 in attorney's fees that she was previously awarded pursuant to the EAJA to the Plaintiff, and is accordingly directed to do so upon receipt of the instant award. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under

6

both prescriptions, but the claimant's attorney must 'refund to the claimant the amount of the smaller fee.'") (quoting Act of Aug. 5, 1985, Pub. L. 99–80, § 3, 99 Stat. 183).

**SO ORDERED** at Bridgeport, Connecticut, this 1st day of February 2021.

/s/ *Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE
